**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-CV-24253-RAR**

**KINSALE INSURANCE COMPANY**, *et al.*,

      Plaintiffs,

v.

**PREMIER AIR CONDITIONING &
REFRIGERATION, INC**., *et al.*,

      Defendants.

_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS OR ABSTAIN

When a pending state court case can resolve a dispute between parties, one (or in this case two) of those parties does not have an automatic right to seek a declaratory judgment from a federal court. Instead, the federal court can exercise its discretion to abstain from entertaining the declaratory action, leaving the dispute in the state court's capable hands. The decision to exercise this discretion—guided by concerns regarding comity, judicial economy, and fairness—implicates the delicate balance of power between federal and state courts.

This cause comes before the Court upon Defendant Link Construction Group, Inc.'s Motion to Dismiss/Motion to Abstain ("Motion"), [ECF No. 17]. Plaintiffs filed separate, near-identical Responses in Opposition, [ECF Nos. 22, 23], to which Defendant filed Replies in Support, [ECF Nos. 34, 35]. The parties subsequently filed several Notices of Supplemental Authority, [ECF Nos. 44–47]. Having carefully considered the parties' briefing, the record, and applicable law, abstention is appropriate here. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion, [ECF No. 17], is **GRANTED** for the reasons set forth herein.

**BACKGROUND**

This case involves two Plaintiffs, two Defendants, two insurance policies, and two pending state court cases.  Plaintiffs Kinsale Insurance Company ("Kinsale") and Richmond National Insurance Company ("Richmond") bring this action against Defendants Premier Air Conditioning & Refrigeration, Inc. ("Premier") and Link Construction Group, Inc. ("Link") seeking declaratory relief.  *See* Consol. Compl., [ECF No. 14].

The story begins on December 8, 2023, when TF North Run, LLC ("North Run"), a non-party to the instant suit, filed an action against Premier, Link, and others in state court ("Underlying Action").  Consol. Compl. ¶ 9; *TF North Run, LLC v. Link Construction Group, Inc., et al.*, Case No. 2023-027927-CA-01.  North Run had hired Link as the general contractor for the construction of six auto loft garage buildings, and Link hired Premier as the mechanical subcontractor to deliver and install mechanical components.  Consol. Compl. ¶¶ 11–12.  But following construction, North Run sued Link and Premier in the Underlying Action based on alleged defects in their construction of the project.  *Id*. at ¶ 13.  Link filed a cross claim against Premier and others on January 22, 2024.  *Id.* at ¶ 14.  North Run then filed an amended complaint on January 14, 2025.  *Id.* at ¶ 10.

Premier was insured by both Kinsale and Richmond, who had each issued Premier a surplus lines, commercial liability policy.  Cosnol. Compl. ¶¶ 15, 18.  Kinsale's policy was in effect from September 25, 2021 to September 25, 2022.  *Id.* at 15.  Richmond's policy was in effect from September 25, 2022 to September 25, 2023 but was renewed, rendering it effective through September 25, 2024.  *Id.* at ¶¶ 19, 20.  Premier seeks coverage under both policies for the amended complaint in the Underlying Action, as well as Link's crossclaim.  *Id.* at ¶¶ 17, 22.  And Link seeks coverage as an additional insured under both policies for the amended complaint in the Underlying Action.  *Id.*

In the instant case, Plaintiffs ask the Court to declare that they do not have a duty to defend or indemnify Defendants in the Underlying Action. *See* Consol. Compl. at 16. On September 17, 2025, Kinsale filed a five-count Complaint for Declaratory Relief against Defendants, which was assigned to this Court. [ECF No. 1]. Kinsale alleged late notice, breach of cooperation, and no coverage for "property" damage outside the policy period against Premier, and no additional insured and no coverage for damages outside the policy period against Link. *Id.* Then, on September 22, 2025, Richmond filed a two-count Complaint for Declaratory Relief against Defendants in a separate case also brought in this District, alleging late notice against Premier and no additional insured against Link. *See Richmond National Insurance Company v. Premier Air Conditioning & Refrigeration, Inc. et al.*, No. 25-24342, ECF No. 1.

Richmond's case was transferred to this Court on October 17, 2025. *Richmond*, ECF No. 12. The Court then entered an Order Consolidating Cases, [ECF No. 12], and an Order Requiring Consolidated Complaint, [ECF No. 13]. Accordingly, on October 27, 2025, Plaintiffs filed a seven-count Consolidated Complaint, [ECF No. 14], against both Defendants. Premier filed an Answer and Affirmative Defenses, [ECF No. 16], on November 3, 2025. Link then filed the instant Motion to Dismiss or Abstain, [ECF No. 17], on November 12, 2025.

In its Motion, Link explains that it filed a declaratory action in state court ("State Action") on September 25, 2025—after the instant case was filed but prior to being served—"seek[ing] a declaration regarding issues of insurance coverage for Link in the Underlying Action." Mot. at 3. Kinsale, Richmond, Premier, Link, and North Run are all parties to the State Action. *Id.* And the State Action "seeks to resolve coverage issues with respect to the Policies, just as Kinsale and Richmond seek in the instant action," as well as "resolve coverage issues arising out of several other potentially implicated policies of insurance." *Id.*

Link's Motion raises two arguments. *First*, Link argues that the Court "should decline to accept jurisdiction and dismiss the insurers' declaratory action because it concerns the same parties and issues currently pending in state court, which Florida law governs." Mot. at 3. *Second*, Link argues that the case should be dismissed for failure to join necessary parties, as North Run and other claimants in the Underlying Action are not parties to the instant case. *Id.* at 12.

Kinsale and Richmond filed separate Responses to Link's Motion, [ECF Nos. 22, 23], though they are nearly identical and raise the same arguments. Link then filed a Reply to each Response, [ECF Nos. 34, 35]. Separately, Premier filed a paragraph-long Notice of Joinder, [ECF No. 31], announcing that it "joins the arguments presented [in Link's Motion] and requests the same relief as to PREMIER," to which Plaintiffs filed respective Responses in Opposition, [ECF Nos. 36, 37].

Finally, the parties have filed several Notices of Supplemental Authority regarding the status of the State Court Action since the instant Motion became ripe. [ECF Nos. 44–47]. On February 4, 2026, Link notified the Court that the State Action had been transferred to Judge Thomas Rebull in the Complex Business Litigation Division—the same judge who is also presiding over the Underlying Action. [ECF No. 44]. On March 20, 2026, Kinsale and Richmond notified the Court that they filed respective motions to dismiss in the State Action. [ECF Nos. 45, 46]. And on March 30, 2026, Link notified the Court that it filed responses in opposition to Kinsale and Richmond's state court motions. [ECF No. 47].

## **LEGAL STANDARD**

The Declaratory Judgment Act gives district courts "exceptionally broad discretion in deciding whether to issue a declaratory judgment." *Otwell v. Ala. Power Co.*, 747 F.3d 1275, 1280 (11th Cir. 2014); *see also Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942) ("Although the District Court had jurisdiction of the suit under the Federal Declaratory Judgments Act, it was

under no compulsion to exercise that jurisdiction.") (citation omitted); *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995) ("We have repeatedly characterized the Declaratory Judgment Act as an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant.") (internal quotations omitted).

Although district courts wield this broad discretion, the Supreme Court has cautioned that "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in state court presenting the same issues, not governed by federal law, between the same parties." *Brillhart*, 316 U.S. at 495. In *Ameritas Variable Life Insurance Company v. Roach*, 411 F.3d 1328 (11th Cir. 2005), the Eleventh Circuit set forth the following factors to guide district courts in exercising their discretion when a federal declaratory action relates to an underlying state-court action:

> (1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;
>
> (2) whether the judgment in the federal declaratory action would settle the controversy;
>
> (3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue;
>
> (4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing"—that is, to provide an arena for a race for *res judicata* or to achieve a federal hearing in a case otherwise not removable;
>
> (5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;
>
> (6) whether there is an alternative remedy that is better or more effective;
>
> (7) whether the underlying factual issues are important to an informed resolution of the case;
>
> (8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and

> (9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Ameritas*, 411 F.3d at 1331.  This list is not exhaustive, and no single factor is controlling.  *See id.* "Rather, these guideposts set forth a totality-of-the-circumstances analysis that the district court should employ when deciding whether to entertain or abstain from hearing a declaratory action." *Platinum Luxury Auctions LLC v. Concierge Auctions, LLC*, No. 22-60763, 2022 WL 18463420, at *5 (S.D. Fla. Oct. 10, 2022) (citing *Nat'l Trust Ins. Co. v. S. Heating & Cooling Inc.*, 12 F.4th 1278, 1285 (11th Cir. 2021)).

## ANALYSIS

### A. Application of the *Ameritas* factors is warranted.

In its Motion, Link argues that the *Ameritas* factors weigh in favor of abstention.  *See* Mot. at 6–11.  And while Plaintiffs contend that these factors point to the opposite result, they first argue that an application of the *Ameritas* factors is unwarranted for two reasons.  *First*, Plaintiffs argue that the instant action and the State Action are not parallel proceedings because Premier's coverage is not at issue in the State Action.  Richmond Resp. at 3–4; Kinsale Resp. at 3–4.  *Second*, Plaintiffs argue that the first-filed rule gives priority to the instant action over Link's later-filed State Action. Richmond Resp. at 4–6; Kinsale Resp. at 5–6.  However, neither of these arguments preclude the Court from considering the *Ameritas* factors.

Plaintiffs begin by arguing that "[b]ecause Premier's claim[s] under the [policies are] not at issue in the State Court Action, there is no parallel state proceeding, certainly not total parallelism."  Richmond Resp. at 3; Kinsale Resp. at 3.  But it is well established in this Circuit that the federal and state proceedings need not be completely parallel for the federal court to permissibly exercise its discretion to abstain.  *See Nat'l Tr. Ins. Co.*, 12 F.4th at 1283 ("To the

extent that National Trust is asking us to create a bright-line rule that a district court cannot decline to entertain an action under the Declaratory Judgment Act unless there are parallel proceedings, its request comes too late given our existing precedent."); *First Mercury Ins. Co. v. Excellent Computing Distributors, Inc.*, 648 F. App'x 861, 866 (11th Cir. 2016) ("[W]e have never held that the *Ameritas* factors apply only when reviewing parallel actions."); *Ambrosia Coal & Const. Co. v. Pages Morales*, 368 F.3d 1320, 1329 (11th Cir. 2004) (rejecting the notion that "abstention is permissible only when the relevant federal and state cases share *identical* parties, issues, and requests for relief.").

In fact, in *Nat'l Tr. Ins. Co. v. S. Heating & Cooling Inc.*, the Eleventh Circuit "expressly h[e]ld that the existence of a parallel proceeding is not a prerequisite to a district court's refusal to entertain an action under [the Declaratory Judgment Act]." 12 F.4th at 1284. Rather, "the degree of similarity between the proceedings is significant" and "[t]he more that a concurrent state (or federal) court action is similar to a federal declaratory judgment action, the more likely it will be that a district court's decision to not address a claim under § 2201(a) will be left undisturbed." *Id.* at 1285. The Eleventh Circuit also declined to require district courts to evaluate similarity as a discrete factor, reasoning that "similarity is encompassed by the relevant *Ameritas* guideposts, and it is granted weight in the balancing of those guideposts." *Id.* at 1286.

In its Replies, Link argues that the State Action is parallel to the instant action, explaining that "the Eleventh Circuit has long held that the issues in a state court and federal court action need not be identical for the two proceedings to be considered parallel." *See* Reply to Kinsale at 2; Reply to Richmond at 2. While Link is correct, the Court need not determine whether the actions are parallel before proceeding to the *Ameritas* analysis. *See James River Ins. Co. v. Rich Bon Corp.*, 34 F.4th 1054, 1060 (11th Cir. 2022) ("[T]he district court was wrong to assess whether the federal and state cases were 'parallel' as a prerequisite to considering the *Ameritas* guideposts.").

Page **7** of **16**

As such, the Court will assess the similarity between the instant action and the State Action through its application of the *Ameritas* factors.

Next, after arguing that the two cases are too dissimilar to constitute parallel actions, Plaintiffs argue that the first-filed rule gives priority to the instant action over the State Action. Richmond Resp. at 4–6; Kinsale Resp. at 5–6.  This is because Kinsale's federal action was filed on September 17, 2025—and Richmond's later-consolidated federal action was filed on September 22, 2025—while Link filed the State Action on September 25, 2025.  *See* Mot. at 2–3.  In its Replies, Link argues that the first-filed rule only applies when both actions are brought in federal court, rather than when one of the actions is brought in state court.  Reply to Kinsale at 4–5; Reply to Richmond at 4–5.

The first-filed rule provides that "[w]here two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule."  *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005).  While this rule undoubtedly applies when both actions are filed in federal court, Plaintiffs posit that "the Eleventh Circuit has held that the rule can be equally applicable where one of two competing courts is a state court."  Richmond Resp at 5; Kinsale Resp. at 5.  To support this proposition, Plaintiffs cite to *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*, where the Eleventh Circuit noted that "[i]t should make no difference whether the competing courts are both federal courts or a state and federal court with undisputed concurrent jurisdiction."  675 F.2d 1169, 1174 (11th Cir. 1982).

But Link points out that "it appears no court in the Eleventh Circuit has ever relied upon this case for the proposition that the first filed rule applies when one case was filed in state court and the other in federal court."  Reply to Kinsale at 4–5; Reply to Richmond at 4–5; *see also Lottery.com, Inc. v. Brier*, No. 8:23-CV-2594-KKM-TGW, 2024 WL 4905483, at \*7 (M.D. Fla.

June 11, 2024) ("Indeed, in the forty-two years that *Haydu* has been on the books, it appears that not a single court has relied on it to dismiss a federal action in favor of a preceding state action."). And "[w]hile *Haydu* invoked comity and federalism concerns in abstaining from a first-filed state action, the Eleventh Circuit has subsequently found that 'as between state and federal courts, the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the [f]ederal court having jurisdiction.'" *Sini v. Citibank, N.A.*, 990 F. Supp. 2d 1370, 1375 (S.D. Fla. 2014) (quoting *Ambrosia*, 368 F.3d at 1328). As such, there is relative consensus in this Circuit that *Haydu* did not categorically expand the application of the first-filed rule to encompass state court actions.

It is worth noting that the aforementioned cases—*Haydu*, *Lottery.com*, and *Sini*—involved a first-filed state case, while here, the federal case was filed first. But that does not change the fact that Plaintiff's first-filed argument fails. Not only does the first-filed rule sweep far less broadly than Plaintiffs argue it does, but also "the *Ameritas* factors presuppose the existence of a prior filed federal declaratory action." *Geico Gen. Ins. Co. v. Kastenolz*, 649 F. App'x 647, 650 (11th Cir. 2016) (holding that "to the extent that Geico relies on the actions' chronological order, its argument fails."). In *Ameritas*, the first-filed action was brought in federal court on September 1, 2004 and the state action was subsequently brought on October 12, 2004. 411 F.3d at 1330. The district court dismissed the first-filed federal action, and the Eleventh Circuit affirmed the dismissal. *Id.* Clearly, dismissal of the federal case was not precluded by the fact that it was filed one month earlier. Accordingly, the Court will not deny Link's Motion before applying the *Ameritas* factors because Plaintiffs' federal case was filed one week earlier than the State Action.

**B. The *Ameritas* factors favor abstention.**

At this juncture, the Court finds it appropriate to apply the non-exhaustive set of factors the Eleventh Circuit set forth in *Ameritas* to determine whether abstention from the declaratory

action is warranted.  411 F.3d at 1331.  Link argues that all *Ameritas* factors are either neutral or weigh in favor of abstention.  Mot. at 6.  Plaintiffs maintain that the Court is not required to consider the *Ameritas* factors because the proceedings are not parallel, but even if they were, none of the *Ameritas* factors would weigh in favor of abstention.  Richmond Resp. at 7; Kinsale Resp. at 7.  After careful review, the Court agrees with Link that the *Ameritas* factors favor abstention.

"The first, fifth, and ninth *Ameritas* factors look to concerns of comity and the interest of the forum state in resolving the legal issues presented."  *Nat'l Specialty Ins. Co. v. S. Fla. Transp. Svcs, Corp.*, No. 20-24599, 2021 WL 980948, at *8 (S.D. Fla. Mar. 16, 2021) (internal quotations omitted).  The *first* factor—the strength of the state's interest—weighs in favor of abstention because the State of Florida has a strong interest in adjudicating the claims at issue in this case.  Defendant relies *United Specialty Ins. Co. v. Pulte Home Corp., Inc.*, which explains that while "federal courts routinely interpret insurance policies pursuant to state law where there is diversity jurisdiction, when conducting an analysis under the *Ameritas* factors, courts generally find that disputes concerning the interpretation of an insurance policy under state law weigh heavily in favor of abstention."  No. 617CV467ORL41TBS, 2018 WL 3827640, at *3 (M.D. Fla. Mar. 28, 2018).

In response, Plaintiffs cite to *Gen. Star Nat'l Ins. Co. v. MDLV LLC* to contend that "this argument is not compelling as it would essentially advocate abstention in all diversity actions governed by Florida law."  No. 21-24284, 2022 WL 17987304, at *4 (S.D. Fla. Sept. 2, 2022).  But Plaintiffs' reliance on *MDLV* is misplaced because there, the court declined to abstain from entertaining the federal action because the corresponding state action concerned liability rather than coverage.  *Id*. (explaining that "the state case and federal case involve two entirely different questions of law: liability and coverage, respectively.").  Here, while the Underlying Action concerns liability, Link seeks abstention in favor of the State Action—which involves overlapping coverage questions.

The *fifth* factor—whether exercising jurisdiction would create friction between federal and state courts—likewise weighs in favor of abstention. Generally, "unless the cases implicate the same facts or legal questions, friction is unlikely." *Rich Bon*, 34 F.4th at 1061. Here, Plaintiffs' claims against Link fully overlap with the claims at issue in the State Action, such that "Plaintiff[s'] declaratory action 'creates the potential for friction inherent in having double-tracked, near-identical litigation pending in both federal and state courts.'" *Mt. Hawley Ins. Co. v. JP Roosevelt, LLC*, No. 20-20186, 2020 WL 6134269, at *7 (S.D. Fla. Apr. 9, 2020) (quoting *Gregory Haskin Chiropractic Clinics, Inc. v. State Farm Mut. Auto. Ins. Co.*, 391 F. Supp. 3d 1151, 1156 (S.D. Fla. 2019)). While Plaintiffs emphasize that their claims against Premier are not pending in state court, Plaintiffs *can* litigate their claims against Premier in the State Action. *See infra* at 12–13.

And the *ninth* factor—"whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action"—also weighs in favor of abstention. *Ameritas*, 411 F.3d at 1331. That is because Plaintiffs' federal action "does not involve federal law, nor does it implicate federal policy; instead, [it] raises exclusively state-law issues." *Mt. Hawley*, 2020 WL 6134269, at *8. While Plaintiffs reemphasize that their claims against Premier are not at issue in state court and note the presence of additional defendants there, that does not change the fact that this action overlaps substantially with the State Action, exclusively involves the application of Florida law, and does not implicate federal policy.

"The second, third, and sixth *Ameritas* factors concern whether the declaratory judgment action is the most efficient and economical forum to resolve the rights of all the parties." *Nat'l Specialty*, 2021 WL 980948, at *9 (internal quotations omitted). The *second* factor concerns whether the federal action would settle the controversy, while the *third* factor looks to whether it would serve a useful purpose in clarifying the legal relations at issue. *See Ameritas*, 411 F.3d at

1331.  The Court agrees with Link that these factors are relatively neutral because "the State Court Action and the instant action are equally capable of resolving the controversy."  Mot. at 7. However, the *sixth* factor—"whether an alternative remedy exists that is better or more effective"—weighs in favor of abstention.  *Ameritas*, 411 F.3d at 1331.  This is because it would be more efficient and effective for the parties—who are already parties to the State Action—to litigate all their disputes in state court.

There are only four parties in the instant action: Kinsale, Richmond, Link, and Premier. The State Action, however, includes these parties *in addition to* Link's subcontractors and their insurers—all of whom are involved in coverage disputes arising from the Underlying Action.  Mot. at 9.  If the instant action were to proceed, the State Action would still be necessary to adjudicate the claims involving the parties who are not joined here; but if this Court were to abstain, all the coverage disputes arising from the Underlying Action could be resolved in the State Action.  *See GEICO Gen. Ins. Co. v. Lacayo*, No. 15-20582, 2015 WL 4464020, at \*3 (S.D. Fla. July 21, 2015), *aff'd sub nom Geico Gen. Ins. Co. v. Kastenolz*, 649 F. App'x 647 (11th Cir. 2016) ("The state court can provide an alternative remedy that is better and more effective: it can dispose of the entire controversy at once.").  As such, it would be better and more effective for only one action— the State Action—to proceed.

Plaintiffs again assert that "[t]he State Court Action only seeks a declaration regarding Link Construction's rights, not Premier."  Richmond Resp. at 12; Kinsale Resp. at 13.  But in assessing whether two actions are parallel, "the courts' concern is not whether the parties are identical but whether, if the federal court abstains from hearing the case, the parties involved in the federal case will have another forum in which they can adjudicate their dispute."  *Pulte*, 2018 WL 3827640, at \*2.  Here, as Link points out, "the only reason that the specific issues raised by [Plaintiffs] in the instant action are not before the court in the State Court Action is [Plaintiffs'] delay in filing a

responsive pleading in the State Court Action."  Reply to Kinsale at 6; Reply to Richmond at 6. Instead, as indicated in their Notices of Supplemental Authority, Plaintiffs filed respective motions to dismiss in the State Court Action which point to the pending instant action.  *See* [ECF Nos. 45, 46].  Following this Order, Plaintiffs will be able to raise the very same claims they brought here against Premier in the State Action—where Premier is already a party.

Next, the ***fourth*** factor asks "whether the declaratory remedy is being used merely for the purpose of 'procedural fencing.'"  *Nat'l Specialty*, 2021 WL 980948, at *9 (quoting *Ameritas*, 411 F.3d at 1331).  Said briefly, procedural fencing is forum-shopping; it occurs when a party files a federal action to litigate an issue that is also implicated in an underlying state action, effectively racing to res judicata on that issue.  *See id.*  This factor is neutral because there is no evidence that either party is engaged in procedural fencing.  Plaintiffs suggest that Link engaged in procedural fencing when it "rushed to the courthouse to avoid the learned scrutiny of a federal court" shortly after their federal actions were filed.  Richmond Resp. at 13; Kinsale Resp. at 13.  But because "'the *Ameritas* factors presuppose the existence of a prior filed federal declaratory action[,]'" Plaintiffs' mere reliance on "the order in which the actions were filed" is insufficient to establish that Link engaged in procedural fencing.  *See Pulte*, 2018 WL 3827640, at *2 n.3 (quoting *Kastenolz*, 649 F. App'x at 650).

Lastly, "the seventh and eighth *Ameritas* factors examine the ability of the state court to resolve the legal and factual issues relative to the federal court."  *Nat'l Specialty*, 2021 WL 980948, at *8 (internal quotations omitted).  The ***seventh*** factor looks at whether the underlying factual issues are important to an informed resolution of the case, and the ***eighth*** examines whether the state trial court is in a better position to evaluate those factual issues than the federal court. *Ameritas*, 411 F.3d at 1331.  These factors also weigh in favor of abstention.  The state court has

been handling the Underlying Action since 2023, and the later-filed State Action was transferred to the same judge—placing both actions in the same jurist's hands.  *See* [ECF No. 44].

Plaintiffs contend that the interpretation of the insurance policy does not hinge on the factual determinations at issue in the Underlying Action.  Richmond Resp. at 10; Kinsale Resp. at 10.  But judicial economy nonetheless favors keeping the Underlying Action and the State Action before the same judge in the same court, rather than allowing a subset of parties to maintain a separate action in an unfamiliar federal court, because "the state court would be better able to see the whole board, rather than just the sliver of it presented in federal court."  *See Lexington Ins. Co. v. Rolison*, 434 F. Supp. 2d 1228, 1242 (S.D. Ala. 2006) (finding the seventh and eighth *Ameritas* factors to weigh in favor of abstention because the state court "would have all the claims, all the factual issues, all the parties and all of the evidence before it, while [the federal court] would be forced to reckon with only a portion of those facts based on evidence presented by a subset of the parties to the state proceedings.").

Thus, upon considering the *Ameritas* factors—six of which weigh in favor of abstention and three of which are neutral—the Court finds that abstention is warranted.

\*     \*     \*

On a final note, this result is unchanged by Premier's attempt to join Link's Motion after it was filed.  Indeed, Premier filed an Answer and Affirmative Defenses, [ECF No. 16], on November 3, 2025—one week before Link filed the instant Motion.  Plaintiffs pointed to this in their Responses, arguing that because "Premier filed its answer and affirmative defenses in this action and has not otherwise objected . . . [Link] should not be able to frustrate the right of Premier—a bona fide insured, to litigate in this Court."  Richmond Resp. at 4; Kinsale Resp. at 4.  But on December 19, 2026, Premier filed a paragraph-long Notice of Joinder to Link's Motion.  [ECF No. 31].  Plaintiffs then filed separate objections to Premier's Notice, invoking Local Rule

7.1(a)(1), because it did not "incorporate a memorandum of law citing supporting authorities." [ECF Nos. 36, 37].

Procedural deficiencies aside, Premier's Notice of Joinder further persuades the Court that abstention is warranted here. *First*, Premier's Notice undercuts Plaintiffs' arguments that Premier does not object to this action and wants to litigate in federal court. *Second*, it is yet another example of the lack of coordination and diligence that has plagued this case since its inception, supplying further proof that entertaining this action would not be in the interest of judicial economy.

Plaintiffs—who are represented by the same counsel—unnecessarily filed two separate actions in this District, requiring the Court to consolidate their cases *sua sponte*. *See* [ECF No. 12]. Since then, Plaintiffs have consistently refused to file combined responses, instead opting for separate filings that are essentially identical but for Plaintiffs' names. *Compare* [ECF Nos. 22, 37, 46] *with* [ECF Nos. 23, 36, 45]. The parties also missed the deadline to schedule a mediation, prompting the Court to enter an Order to Show Cause. [ECF No. 38]. And when the parties finally filed a Joint Notice of Mediator Selection, they listed the location as "TBD" and improperly attached email correspondence, [ECF No. 39], necessitating another order from this Court, [ECF No. 40]. Finally, every time Link sought an extension of time, it noted in the Certificate of Conferral that Plaintiffs failed to respond and represent their position despite Link's repeated attempts to confer. *See* [ECF No. 24] at 3; [ECF No. 25] at 3; [ECF No. 50] at 2; [ECF No. 54] at 3; [ECF No. 55] at 2.

Viewed together, the lack of coordination and communication is apparent—particularly at the hands of the very Plaintiffs who are fighting to litigate in this Court. Thus, while the *Ameritas* factors already weigh in favor of abstention, the Court is further convinced that abstention is appropriate because it will enable the parties to devote their full attention to diligently litigating *one* case in *one* court.

## CONCLUSION

Because the *Ameritas* factors strongly favor abstention, the Motion, [ECF No. 17], is **GRANTED**.  Plaintiffs' Complaint is **DISMISSED** *without prejudice*.  The Clerk of Court is directed to **CLOSE** this case.  All pending motions—including Plaintiffs' Motions for Final Summary Judgment, [ECF Nos. 49, 53]—are **DENIED as moot**.

**DONE AND ORDERED** in Miami, Florida, this 5th day of June, 2026.

 

_____

**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**